---

Douglas S. Weigle (argued), Bartlett, Junewick, Carpenter & Weigle, Cincinnati, Ohio, for petitioner.

Cheung Tai Poon, pro se.

Patrick J. Hanley, Asst. U.S. Atty., Cincinnati, Ohio, James P. Morris, Lauri Steven Filppu, Robert Kendall, Jr. (argued), Dept. of Justice, Crim. Div., Gen., Litigation and Legal Advise Section, Washington, D.C., for respondent.

Before EDWARDS, Chief Circuit Judge, CONTIE, Circuit Judge and WEICK, Senior Circuit Judge.

**CHEUNG TAI POON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 80-3300.

United States Court of Appeals, Sixth Circuit.

Argued April 22, 1983.

Decided May 20, 1983.

PER CURIAM.

Petitioner in this case entered the United States in 1977 as a nonimmigrant visitor for pleasure. Poon was authorized to stay in the United States until January 5, 1978. Shortly after his authorized visit expired, the Immigration and Naturalization Service, hereafter Service, issued him an order to show cause and notice of hearing, charging that he was subject to deportation pursuant to § 241(a)(1) of the Act, 8 U.S.C. § 1251(a)(1) (1976), because he had been convicted of a violation of a law prohibiting the possession of a dangerous drug under the Dangerous Drugs Ordinance of Hong Kong.

At the hearing, Poon admitted two Hong Kong convictions for drug possession but claimed that the offenses in Hong Kong were based upon a strict liability statute

such as that involved in *Lennon v. Immigration & Naturalization Service*, 527 F.2d 187 (2d Cir.1975). This case held that immigrant Lennon should prevail because the British statute there concerned, as applied by the British courts, made possession without guilty knowledge a crime. The question posed by our instant appeal is whether the law of Hong Kong, under which Poon had been twice convicted on guilty pleas was similarly a strict liability statute. The statute in question reads:

(1) Any person who is proved to have had in his possession or custody or under his control—

(a) Anything whatsoever containing a dangerous drug,

\* \* \* \* \* \*

shall, until the contrary is proved, be presumed to have had such drug in his possession

\* \* \* \* \* \*

(3) Any person who is proved or presumed to have had a dangerous drug in his possession shall, until the contrary is proved, be presumed to have known the nature of such drug.

It is clear to us, both from the cases cited by the parties from Hong Kong and from the opinion of the Far Eastern Law Division of the Library of Congress, which was sought by the Service and introduced at the initial hearing of this case, that the Hong Kong courts require not only proof of possession but proof of knowledge of possession. The presumption arising from possession may be overcome by proof of lack of knowledge.

The order of the Board of Immigration Appeals is affirmed.